# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| F. JOSEPH MORRISON, *et al.*, | § | Bankruptcy Case No. 05-45926 |
|     Debtors. | § | |
| --- | | |
| F. JOSEPH MORRISON, *et al.*, | § | |
|     Plaintiffs, | § | Adversary No. 08-3260 |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. H-09-2039** |
| AMWAY CORPORATION, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This Bankruptcy adversary case is before the Court on Defendants' Motion to Withdraw the Reference ("Motion") [Doc. # 2]. Defendants argue that the Court should withdraw the reference to the Bankruptcy Court of the adversary case pursuant to the permissive withdrawal provision of Bankruptcy Code § 157(d). Defendants argue that the adversary is non-core, that the District Court can handle the adversary more efficiently because it is already familiar with the seminal *Morrison v. Amway Corp.* case (Civil Action No. H-98-352), that withdrawal will expedite closure of Plaintiffs' individual bankruptcy cases, and that withdrawal will prevent forum shopping and inconsistent decisions. United States Bankruptcy Judge Marvin Isgur,

in a detailed and thoughtful Report and Recommendation, has recommended that the Motion be denied. *See* Report and Recommendation [Doc. # 1].

The factors to be considered when determining whether to exercise permissive withdrawal of the reference of an adversary proceeding are: (1) whether the issues are core or non-core; (2) whether withdrawal would foster a more economical use of the parties' resources; (3) whether withdrawal would expedite the bankruptcy process; (4) whether withdrawal reduces forum shopping and confusion; (5) whether jury demands have been made; and (5) whether withdrawal would promote uniformity in bankruptcy administration. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). The party seeking withdrawal of the reference has the burden of establishing a "sound articulated foundation" for permissive withdrawal. *See id.* at 998.

Judge Isgur noted that although Defendants may assert counterclaims raising core matters, core claims at this early stage of the adversary proceeding are hypothetical and, even if raised, would not predominate over the non-core issues. This, however, is the only factor that favors permissive withdrawal of the reference.

Defendants' argument that the District Court can handle the case more efficiently because of its familiarity with the underlying case incorrectly assumes that the Hon. Melinda Harmon, the district judge who presided over the *Morrison* case,

will preside over this adversary proceeding if the reference is withdrawn. Defendants concede that the *Morrison* case and this adversary proceeding would not be subject to consolidation and would need to be resolved separately. Judge Isgur noted that there was no assurance that the withdrawn adversary proceeding would be assigned to Judge Harmon and, indeed, it is now clear that it will not be. Judge Isgur has far more familiarity with the adversary proceeding that the undersigned and, therefore, this factor favors denying the request for permissive withdrawal.

Defendants also argue that permissive withdrawal of the adversary proceeding will expedite the completion of Plaintiffs' individual bankruptcy cases. As Judge Isgur noted, there is nothing to suggest that withdrawing the reference will affect the progress of the individual bankruptcy cases. As a result, the desire to expedite the bankruptcy process does not favor withdrawal of the reference.

The factor regarding forum shopping and confusion also weighs against permissive withdrawal. Defendants suggest that Plaintiffs are forum shopping – filing the adversary proceeding in bankruptcy court to avoid an unfavorable judge. As Judge Isgur noted, however, Plaintiffs could make the same argument – that Defendants are seeking withdrawal of the reference in an attempt to have this adversary proceeding by the district judge who previously issued favorable rulings. The adversary proceeding and the *Morrison* case will be handled by different judges

regardless of whether the reference of the adversary proceeding is withdrawn. Consequently, withdrawal of the reference would not reduce either forum shopping or any theoretical risk of inconsistent decisions.

The final two factors do not favor permissive withdrawal. Plaintiffs have withdrawn their jury demand, and there is no argument that withdrawal of the reference will promote uniformity in bankruptcy administration.

This Court agrees with Judge Isgur's analysis and conclusions regarding the § 157(d) factors for permissive withdrawal of the reference. Defendants have failed to satisfy their burden to establish a "sound articulated foundation" for permissive withdrawal of the reference. As a result, for the reasons set forth herein and in Judge Isgur's Report and Recommendation, it is hereby

**ORDERED** that the Motion to Withdraw the Reference [Doc. # 2] is **DENIED** and this civil case is **DISMISSED**.

SIGNED at Houston, Texas, this **1st** day of **July, 2009.**

_____
Nancy F. Atlas
United States District Judge