# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| F. JOSEPH MORRISON, *et al.*, | § | Bankruptcy Case No. 05-45926 |
|     Debtors. | § | |
| ------------------------------- | | ------------------------------------------ |
| F. JOSEPH MORRISON, *et al.*, | § | |
|     Plaintiffs, | § | Adversary No. 08-3260 |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. H-09-2039** |
| AMWAY CORPORATION, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

By Memorandum and Order [Doc. # 3] entered July 1, 2009, the Court denied Defendants' Motion to Withdraw the Reference ("Motion") [Doc. # 2] in this bankruptcy proceeding. The case is now before the Court on Defendants' Motion for Reconsideration [Doc. # 4], to which Plaintiffs filed a Response [Doc. # 7]. Defendants neither filed a Reply nor requested additional time to do so. Having reviewed the record, the Court **denies** the Motion for Reconsideration without prejudice.

A motion for reconsideration "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and

"is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, *6 (5th Cir. May 27, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)). The factors to be considered when determining whether to exercise permissive withdrawal of the reference of an adversary proceeding are: (1) whether the issues are core or non-core; (2) whether withdrawal would foster a more economical use of the parties' resources; (3) whether withdrawal would expedite the bankruptcy process; (4) whether withdrawal reduces forum shopping and confusion; (5) whether jury demands have been made; and (5) whether withdrawal would promote uniformity in bankruptcy administration. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). The party seeking withdrawal of the reference has the burden of establishing a "sound articulated foundation" for permissive withdrawal. *See id.* at 998.

Defendants argue that the Court should reconsider its denial of the Motion to Withdraw the Reference because they have filed a Motion to Consolidate this case with *Morrison v. Amway Corp.* case (Civil Action No. H-98-352). The Motion to Consolidate filed in *Morrison v. Amway Corp.* is opposed and remains pending. It is unclear whether the Motion to Consolidate will be granted, and this Court takes no

position on the consolidation issue. If the Motion to Consolidation is granted, Defendants may at that time reurge their Motion to Withdraw the Reference before the presiding judge in the *Morrison v. Amway Corp.* case.

Defendants also argue that the bankruptcy proceeding is non-core and that they will not assert counterclaims in the *Morrison* adversary proceeding to raise core matters. As noted by the Bankruptcy Court in its Report and Recommendation [Doc. # 1] and by this Court in its denial of the Motion to Withdraw the Reference, the absence of core issues in the adversary proceeding was a factor that weighed in favor of withdrawing the reference. It was determined, however, that the other permissive withdrawal factors weighed more heavily against withdrawing the reference. Defendants' current advisory that they do not intend to file counterclaims raising core matters does not alter the original analysis.

Defendants' third argument is that relevant bankruptcy court pleadings were not transmitted to the District Court. This Court has access to the entire Bankruptcy Court record and documents need not be "transmitted to the District Court" for them to be considered. The Court considered the full record before ruling on the Motion to Withdraw the Reference and reconsideration based on an alleged failure to transmit documents from the Bankruptcy Court to the District Court is unwarranted.

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Reconsider [Doc. # 4] is **DENIED WITHOUT PREJUDICE**.  If the Motion to Consolidate filed in the *Morrison v. Amway Corp.* case is granted, Defendants may reurge their Motion to Withdraw the Reference in that consolidated case.

SIGNED at Houston, Texas, this **21st** day of **August, 2009.**

_____
Nancy F. Atlas
United States District Judge